■ 595 BROADWAY ASSOCIATES, Respondent, v CHARLA BIKMAN, Appellant. [725 NYS2d 342] —Order of the Appellate Term of the Supreme Court, First Department, entered on or about June 23, 2000, which modified a judgment of the Civil Court, New York County (Howard Malatzky, J.), entered May 11, 1999, awarding use and occupancy and possession of the subject premises to petitioner landlord, to the sole extent of vacating the landlord's recovery of use and occupancy for December of 1998, unanimously affirmed, without costs.

Although respondent in this summary holdover proceeding maintains that she is entitled to succeed to the tenancy of her sister in the subject apartment covered by the Loft Law (Multiple Dwelling Law art 7-C), this Court has recently held that "neither the Loft Law nor the regulations promulgated thereunder provides for tenancy succession rights" (*Bell v Franpearl Equities Corp.*, 280 AD2d 401). Moreover, as found by Appellate Term, even assuming that the Loft Law did provide

for tenancy succession rights comparable to those existing under rent stabilization, petitioner would still be entitled to possession of the subject apartment. Respondent never alleged, either in her answer to the petition or otherwise, that she was, at any time, a primary resident of the loft, nor has she produced proof tending to show such primary residency. Indeed, the evidence shows to the contrary that for the two-year period preceding the death of the tenant-of-record, respondent resided in Suffolk County, where she and her husband own a house. Apart from respondent's familial tie to the former tenant-of-record, there is no indication of any connection between respondent and the subject loft before her sister's death.

We have considered respondent's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ. [Recalled and vacated, 287 AD2d —, Oct. 9, 2001.]